The document below is hereby signed.

Signed: July 29, 2016



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CHRISTOPHER CALLOWAY, | ) | Case No. 16-00361 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
DENYING REQUEST FOR EXIGENT CIRCUMSTANCES
<u>WAIVER AND TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED</u>

The debtor has filed a request for temporary waiver of the pre-petition credit counseling requirement based upon exigent circumstances. In his request, the debtor explains that the exigent circumstance necessitating the filing was "an outstanding writ obtained by my landlord for my apartment of nearly thirty-five years." He likewise explains that he did not obtain the counseling prior to the filing of the petition because he "do[es] not have the funds necessary to pay the fees required by any of the approved agencies I contacted." For reasons explained in more detail below, the court will deny the debtor's request for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h).

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that he requested credit counseling services from an approved non-profit budget and credit counseling agency before he filed his petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the debtor's certification is satisfactory to the court.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

Even if the court were to find that the landlord's obtaining a writ constitutes an exigent circumstance, the debtor has failed adequately to describe any prepetition request he made for credit counseling services from an approved non-profit budget and credit counseling agency.  As for the debtor's claim that he lacked the

necessary funds, the inability to pay for credit counseling does not constitute an exigent circumstance, and does not otherwise constitute a basis for waiving the prepetition credit counseling requirement.  *See In re Shaw-Richardson*, 2012 WL 271211 (Bankr. D.D.C. July 9, 2012); *In re Fortman*, 456 B.R. 370, 374 (Bankr. N.D. Ind. 2011).[1]  It is

ORDERED that the debtor's request for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h) based upon exigent circumstances is DENIED.  It is further

ORDERED that within 7 days after entry of this order, the debtor shall either file a valid prepetition credit counseling certificate or show cause, by a writing filed with this court, why this case ought not be dismissed based upon the debtor's ineligibility to be a debtor pursuant to 11 U.S.C. § 109(h).

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

---

[1]  Under 11 U.S.C. § 111(c)(2)(B) agencies are required to "provide services without regard to ability to pay the fee," and the debtor has not indicated whether he asked any of the agencies he contacted for a waiver of the fee. *See In re Sherry*, 2008 WL 3876595, at * 1 (Bankr. N.D. Ohio August 20, 2008) (rejecting the debtor's request for an exigent circumstances waiver and declining to conclude that financial hardship is grounds for exemption from the credit counseling requirement).