The document below is hereby signed.

Signed: October 11, 2016



_S. Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
CLEMENT CHRISTOPHER CALLOWAY,        )    Case No. 16-00361
                                     )    (Chapter 7)
                          Debtor.    )    Not for publication in
                                     )    West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER RE
THE DEBTOR'S APPLICATION FOR ORDER
DIRECTING WALDE MANAGEMENT, INC., TO SHOW CAUSE

On September 6, 2016, the court held a hearing on the
debtor's *Application For Order Directing Walde Management, Inc.,
To Show Cause Why It Should Not Be Held In Contempt For Willful
Violation Of The Automatic Stay And Imposition Of Sanctions Under
11 U.S.C. § 362(k)* ("*Application*") (Dkt. No. 30).  This
*Memorandum Decision and Order* supplements the court's oral
decision at that hearing.

The court determined that Walde Management, Inc., through
the U.S. Marshal, had lawfully ended the debtor's right to
possession of his rented premises before the debtor filed his
petition at 10:18 a.m. on July 20, 2016, commencing this case.
Therefore the eviction, in that regard, did not violate the

automatic stay of 11 U.S.C. § 362(a).  However, the court

determined that Walde Management, Inc. violated the automatic

stay of § 362(a) by, after the filing of the petition, causing

the destruction of the bulk of the debtor's personal property

that had remained locked in the premises at the time of and for

several hours after the filing of the petition.[1]  As a matter of

nonbankruptcy law, incident to an eviction, a landlord is

entitled to remove items of personal property from the premises.

However, in this case, such removal of the debtor's personal

property was stayed by § 362(a) once the debtor filed his

petition.  The debtor's loss of his right to possess the rented

premises did not divest the debtor of ownership of the items of

personal property stored in the premises.  The destruction of the

debtor's personal property was plainly an act "to exercise

control over property of the estate" within the meaning of

---

[1]  The evidence suggests that when an eviction occurs in the
District of Columbia ordinarily the landlord removes the tenant's
items of personal property before the U.S. Marshal treats the
debtor's right of possession ended and permits the landlord to
change the locks on the premises.  Typically, the tenant's
personal property is removed to the curb in front of the
apartment building.  Here, the Marshal told Walde Management,
Inc. that the debtor's personal property had been infested by
cockroaches or other vermin to such an extent that the items
could not be placed on the curb, and suggested that the items be
thrown away.  The Marshal permitted the premises to be locked by
Walde Management, Inc. without the items of personal property
having been removed.  That ended the debtor's right to possession
of the rented premises.  However, Walde Management, Inc. did not
remove the items of personal property and take them to the dump
until well after the debtor had filed his bankruptcy petition.

§ 362(a)(3).

On the afternoon of July 20, 2016, Walde Management, Inc.
caused such items of personal property to be hauled to the dump
and thrown away.[2]  This occurred well after the debtor had
notified Walde Management, Inc.'s counsel, both orally and via
fax, within an hour of filing the petition, that he had filed the
case, and that he had complied with 11 U.S.C. § 362(l).
Moreover, the debtor had notified Walde Management, Inc.'s
counsel the previous day that he would be filing a bankruptcy
case on the morning of July 20th.

Under 11 U.S.C. § 362(b)(22), the filing of a petition does
not operate as a stay against the continuation of an eviction of
the debtor from the property in which the debtor resides as a
tenant if the lessor obtained a judgment for possession of the

---

[2]   Walde Management, Inc. did not inform the debtor of its
intention to do this.  The debtor's friend, Mr. Bawa, remained
outside the apartment building while the U.S. Marshal was at the
premises, completing the divestment of the debtor from possession
of the rented residence.  Prior to the U.S. Marshal's arrival,
Mr. Bawa told Walde Management, Inc.'s representative, Charles
Adamavage, that he was the debtor's friend, and unsuccessfully
attempted to give to Mr Adamavage an envelope from the debtor
with documents evidencing the debtor's intention of filing a
bankruptcy petition that morning.  He remained there until after
the U.S. Marshal and Walde Management, Inc.'s representative had
left.  Mr. Adamavage did not advise Mr. Bawa that the personal
property would be removed and taken to the dump later that day.
No representative of Walde Management, Inc. made any effort to
directly communicate its intention to destroy the debtor's
personal property to the debtor.  It is unnecessary to address
whether, under nonbankruptcy law, Walde Management, Inc. had an
obligation to inform the debtor what was going to happen to his
personal property.

property against the debtor before the date of the filing of the

bankruptcy petition.  However, § 362(b)(22) is explicitly subject

to 11 U.S.C. § 362(l), which details procedures through which the

debtor may secure a 30-day grace period following the filing of

the petition during which the lessor may not move forward with

the eviction unless and until the lessor successfully objects to

the debtor's certification invoking § 362(l).

By reason of the debtor's compliance with § 362(l)(1), the

exception of 11 U.S.C. § 362(b)(22) as to the stay of "the

continuation of [the] eviction . . . proceeding . . . ." did not

apply for 30 days unless the landlord objected to the

certification under § 362(l)(3)(A) and the court sustained the

objection.  When Walde Management, Inc. took the next step in the

eviction proceeding by disposing of the debtor's personal

property located on the premises, it thus violated the 30-day

stay set in place by the debtor, to which Walde Management, Inc.

had failed to object.  Had the debtor not complied with 11 U.S.C.

§ 362(l), Walde Management, Inc. might have been able to argue

that the 11 U.S.C. § 362(b)(22) exception to the automatic stay

applied to permit the disposition of the debtor's personal

property as a "continuation of [the] eviction . . . proceeding .

. . ."  However, the debtor *did* comply with § 362(l)(1) when he

filed the petition, and the § 362(b)(22) exception to the

automatic stay did not apply when Walde Management, Inc.

exercised control over the debtor's personal property by taking

it to the dump.[3]

The debtor argued that it was improper for Walde Management,

Inc. to accept the deposit that the debtor made to secure the 30-

day grace period under § 362(l) when the landlord contended that

the U.S. Marshal had completed the eviction of the debtor from

the rented residence and had departed from the premises prior to

the debtor's filing of his bankruptcy petition.  However, a step

of the eviction had not been completed prior to the debtor's

filing: the disposition of the debtor's personal property.  The

debtor is not entitled to both claim the benefit of § 362(l) as

keeping the automatic stay in place, prohibiting Walde

Management, Inc.'s continuation of the eviction, and object to

Walde Management, Inc.'s acceptance of the deposit required under

§ 362(l).  Thus, the acceptance of the deposit is inconsequential

to this court's ruling.

In regards to damages, because the debtor failed to present

evidence as to the value of his personal property that was

destroyed, the court fixed $1 as the nominal value of the

property.  Much of the property (like clothing and books) may

---

[3]  The debtor's certification under § 362(l)(1) was, unbeknownst to him, erroneous in asserting that under District of Columbia law he would be permitted to cure the monetary default; by the time he filed his petition, the U.S. Marshal had completed the steps necessary to deprive the debtor of any right to possess the rented premises.  Nevertheless, the certification complied with § 362(l)(1).

have been of a character to be incurably infested by the roaches

discovered in the premises, and as a consequence may have been of

little value, but there were objects like pots and pans, tennis

rackets, a desk, and photographs, that were likely free of

roaches (or could be readily cleansed of any infestation) and

that were of some value.

The debtor also suffered emotional damages based on the

destruction of the property (which included, for example,

photographs of his parents), and the court fixed $4,000 as the

recovery for such emotional damages.  The court also ruled that

Walde Management, Inc. ought to have had procedures in place to

prevent its agents from proceeding to destroy the debtor's

personal property in violation of the automatic stay once it

learned of the filing of the bankruptcy case, and the debtor's

compliance with 11 U.S.C. § 362(l).  For that reason, the court

awarded $2,000 as punitive damages.  As indicated at the hearing,

the court will also award the debtor his reasonable fees and

costs incurred in pursuing the *Application* with respect to the

violation of the automatic stay.  The debtor's counsel has

already filed a statement of fees and costs, and Walde

Management, Inc. has filed a response thereto.  The statement and

response will be set for a hearing pursuant to separate notice.

It is therefore

ORDERED that the debtor shall be entitled to a judgment for

$6,001, plus reasonable attorney's fees and costs incurred in pursuing the *Application* with respect to the violation of the automatic stay.

[Signed and dated above.]

Copies to: Recipients of e-notification.

H:\Common\TeeLSM\Judge Temp Docs\Calloway (Clement) - Order re App. for OTSCV4.wpd