The document below is hereby signed.

Signed: November 14, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                        )
                                             )
CLEMENT CHRISTOPHER CALLOWAY,                )   Case No. 16-00361
                                             )   (Chapter 7)
                    Debtor.                  )   Not for publication in
                                             )   West's Bankruptcy Reporter.

MEMORANDUM DECISION SETTING FEES AWARD PURSUANT
TO ORDER RE THE DEBTOR'S APPLICATION FOR ORDER
<u>DIRECTING WALDE MANAGEMENT, INC., TO SHOW CAUSE</u>

Pursuant to the hearing of November 8, 2016, the court has found in an oral decision of that date that the debtor incurred $7,065 in attorney's fees that are to be awarded under 11 U.S.C. § 362(k) for the violation of the automatic stay by his landlord, Walde Management, Inc.  The court previously fixed $6,001 as the amount of other damages the debtor is entitled to recover.  That brings the total award to $13,066.

The debtor does not dispute that $10,126.58 remains owing to Walde Management, Inc. on its prepetition judgment for rent. Because the case was dismissed, Walde Management, Inc. is entitled to collect that debt, as there no longer is an automatic stay in place barring such collection.  Walde Management, Inc.'s

collection rights include the right to set off its $10,126.58 judgment claim against the postpetition § 362(k) award to the debtor.  *See Gonzalez v. Gervais (In re Gonzalez)*, 2007 WL 7532280, No. NV-06-1154-SBN (B.A.P. 9th Cir. Mar. 30, 2007). After setting off the $10,126.58 judgment debt against the $13,066 § 362(k) award, the debtor is owed $2,939.42.  The $2,939.42 award is payable to the debtor, not his attorney.  *Id.*

If the debtor is forced to incur attorney's fees in pursuing the award, additional fees may be awarded to the debtor under § 362(k).  Accordingly, the court will direct Walde Management, Inc. to pay the $2,939.42 award within 14 days after entry of the judgment making the award (unless Walde Management, Inc. obtains a stay pending an appeal of the judgment) if it is to avoid any additional attorney's fees being awarded.

A judgment follows.

[Signed and dated above.]

Copies to: Recipients of e-notification.